UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LABORERS PENSION TRUST
FUND-DETROIT & VICINITY, et al.,

    Plaintiffs,

v.

MOTOR CITY MASONRY, INC.,

    Defendant.
_____/

CIVIL ACTION NO. 04-70161

DISTRICT JUDGE LAWRENCE P. ZATKOFF

MAGISTRATE JUDGE DONALD A. SCHEER

## ORDER DENYING DEFENDANT'S OBJECTION TO GARNISHMENT

Defendant's Objection to Request and Writ for Garnishment was referred to the undersigned magistrate judge for hearing and determination. The parties appeared for hearing on May 12, 2005. Having reviewed defendant's objections, and plaintiffs' responses, and having heard the arguments of counsel, I find that the objections must be overruled.

Plaintiffs obtained a judgment against defendant in this matter on January 4, 2005. On January 20, 2005, defendant received funds in the total amount of $20, 957.50 representing monies due on projects designated as "Bennett, Carleton and Grant." $5,540.00 of the amount was apportioned to the "Bennett" project based on an invoice from defendant dated October 25, 2004. Defendant deposited the funds with Independent Bank on January 21, 2005. On January 24, 2005, plaintiffs served a Writ of Garnishment upon the bank, which is holding the funds pending disposition of defendant's objections.

Defendant maintains that the $5,540.00 which it claims to be owing on the "Bennett" project are exempt from garnishment pursuant to Michigan's Builders Trust Fund Act,

MCLA 570.151.  Defendant relies as well upon Selby v. Ford Motor Co., 590 F.2d 642, 645-47 (6th Cir. 1979), wherein the court held that funds subject to MCLA 570.151 are exempt from a bankruptcy estate.

In response, plaintiffs observes that the "Bennett" project involved the construction of an elementary school, which is a public project.  Plaintiffs site In Re: Certified Question, 411 Mich 727, 732 (1981), wherein the Michigan Supreme Court held that public projects are not subject to the provisions of the MBTFA.  Plaintiffs further observe that defendant's primary creditor on the "Bennett" matter executed a "full unconditional waiver" on the Bennett Elementary School project, on December 16, 2004.  A copy of that waiver was attached to defendant's objection.  Defense counsel suggests in response that the release was issued in reliance upon a presented check on December 7, 2004.  The waiver, however, was dated twenty-two days earlier.

Based upon the foregoing, I find that the project upon which defendant bases its objection was not subject to the Michigan Builders Trust Fund Act, because it was a public project.  Accordingly, defendant's objection to garnishment is overruled.

IT IS THEREFORE ORDERED that defendant's objection to plaintiffs' garnishment is hereby denied, and the garnishee bank is ordered to disburse the $13,671.20 held subject to plaintiffs' garnishment as provided by law.

                                                s/Donald A. Scheer
                                                DONALD A. SCHEER
                                                UNITED STATES MAGISTRATE JUDGE

DATED: May 23, 2005

COPIES SENT THIS DATE TO:
Randy Martinuzzi by regular mail, Robert Farr by electronic mailing.